UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MELVIN LEWIS GILLIAM,

        Plaintiff,              6:13-cv-2111-AA

        v.                      ORDER

KATHERINE GREEN, et al,

        Defendants.

AIKEN, District Judge.

Plaintiff filed a "Prisoner Civil Rights Complaint" alleging that defendants violated his constitutional right to "a fair and equal protection of the law by falsely prosecuting me based on racial prejudice." Complaint (#2) p. 4. Plaintiff seeks money damages for "false imprisonment." *Id.* p. 6.

For the reasons set forth below, plaintiff's complaint is properly construed as a petition for habeas corpus under 28 U.S.C. § 2254.

Plaintiff's Applications to Proceed In Forma Pauperis

1 - ORDER

(#1) and (#5) are allowed for purposes of a proceeding under 28 U.S.C. § 2254. This order does not grant plaintiff *in forma pauperis* status for purposes of pursuing a 42 U.S.C. § 1983 claim. If plaintiff seeks to bring a claim under 42 U.S.C. § 1983, a $150 filing fee will be assessed pursuant to protocols established by the court under the Prison Litigation Reform Act.

The crux of plaintiff's complaint is that he was unlawfully convicted in violation of his constitutional rights and is unlawfully confined in the Coffee Creek Intake Center.

Habeas corpus is the exclusive remedy when a plaintiff seeks to challenge the fact or duration of confinement or seeks immediate or speedier release. Preiser v. Rodriguez, 411 U.S. 475, 488-490 (1973). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state remedies requirement. Heck v. Humphrey, 512 U.S. 477 (1994).

The fact that plaintiff seeks money damages as a remedy does not preclude treatment of his complaint as a petition for habeas corpus relief. The collateral effects of a finding that a prisoner's incarceration is illegal are substantially

2 - ORDER

the same whether the complaint is styles as one for money damages or one for injunctive relief. *Id*.

Under the circumstances alleged in plaintiff's complaint, a judgment in favor of plaintiff would necessarily imply the invalidity of plaintiff's confinement and arguably entitle plaintiff to release. Plaintiff has not alleged or established that he has exhausted state remedies as required by 28 U.S.C. § 2254. <u>Rose v. Lundy</u>, 455 U.S. 509 (1982).

In addition, in order to recover damages under 42 U.S.C. § 1983 for an allegedly unconstitutional confinement, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. <u>Heck v. Humphrey</u>, <u>supra</u>. In other words, unlawful confinement does not constitute a compensable injury under section 1983 until the confinement has been invalidated.

Plaintiff has not established that the incarceration he challenges in this proceeding has been reversed or invalidated. Accordingly, a 42 U.S.C. § 1983 claim for money damages is premature.

Plaintiff's complaint construed as a petition for habeas corpus relief does not comply with the requirement of Local

3 - ORDER

Rule 295-1 (a) which requires that such petition be "legibly written or typewritten on forms supplied by the court." Accordingly, plaintiff is allowed 30 days to file a petition that complies with the requirements of LR 295-1 (a). The Clerk of the Court is directed to send plaintiff an appropriate form.

Plaintiff is advised that failure to file a petition consistent with the terms of this order will result in the dismissal of this proceeding for failure to prosecute.

IT IS SO ORDERED.

DATED this 11th day of December, 2013

Ann Aiken
United State District Judge

4 - ORDER